# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| DAMIAN DAIGLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION CV221-081 |
| vs. ) | |
| ) | NO. SUCV2021-000298 |
| MAKHACH S. OMAROV ) | |
| and OROZCO TRUCKING, INC., ) | |
| ) | |
| Defendants. ) | |

## PETITION FOR REMOVAL

COME NOW MAKHACH S. OMAROV ("Omarov") and OROZCO TRUCKING, INC. ("Orozco"), Petitioners and Defendants, who petition the Court as follows:

1.

Plaintiff filed his civil action for negligence against the Petitioners in the State Court of Camden County, State of Georgia, Civil Action No. SUCV2021-1000298, on March 25, 2021 (the "Action"). In the Complaint, Plaintiff identified medical treatment with bills totaling $1,585 and did not indicate how much money

he was seeking in damages. Copies of the pleadings filed in that action are attached as follows:

Exhibit A -  Complaint

Exhibit B –  Summons to Omarov

Exhibit C –  Summons to Orozco

Exhibit D –  Civil Case Initiation Form

Exhibit E –  Leave of Absence (Powell)

Exhibit F –  Affidavit of Service on Orozco

Exhibit G –  Answer of Omarov

Exhibit H –  Answer of Orozco

Exhibit I –  Defendants' Jury Demand

Exhibit J –  Rule 5.2 Certificate of Service of Discovery (Defendants' Discovery to Plaintiff)

Exhibit K –  Leave of Absence (Allred)

Exhibit L –  Leave of Absence (Howard)

Exhibit M – Rule 5.2 Certificate of Service of Discovery (Plaintiff's Responses to Defendants' Discovery to Defendants)

Exhibit N – Case Management Order

Exhibit O – Rule 5.2 Certificate of Service of Discovery (Plaintiff's Discovery to Defendants)

Exhibit P – Defendants' Discovery to Plaintiff

Exhibit Q – Plaintiff's Response to Defendants' Discovery to Plaintiff

    Q-1   Answers to Interrogatories;

    Q-2   Response to Requests for Documents; and

    Q-3   Documents produced by Plaintiff in Response

Exhibit R – Plaintiff's Discovery to Defendants

Exhibit S – Notice of Removal

2.

At the time the Action was filed Plaintiff was a resident of Mayo, Lafayette County, Florida and a citizen of the State of Florida. Now, as this action is removed, Plaintiff resides at 3394 196th Terrace, Wellborn, Suwanee County, Florida and remains a citizen of the State of Florida. *See Complaint,* Exhibit A, at ¶ 1; *see also* Exhibit Q-3, at p. 1 of 21 pages.

3.

At the time the Action was filed and now as it is removed, Orozco was a business corporation formed and organized under the laws of the State of Illinois

with its principal place of business and central nerve center located at 1830 Howard Street (Unit C, Ste 103), Elk Grove Village, Cook County, Illinois. It is a citizen of Illinois.

4.

At the time the action was filed Omarov resided at 4357 N. Drake Ave., Apt No. 3, Chicago, Cook County, Illinois and was a citizen of the State of Illinois. Mr. Omarov has not yet been served.

5.

This wreck involving two tractor trailers at very low speed happened under the canopy at the fuel pumps at a Pilot Travel Center in St. Marys, Camden County, Georgia, which falls within the Southern District of Georgia as defined in 28 U.S.C. § 90(c)(5), in this Court's Brunswick Division. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2).

6.

The wording of the Complaint did not permit Defendants to know that Plaintiff was seeking in excess of $75,000, excluding interest and costs, as it indicated that Plaintiff's medical bills totaled less than $1,600 and did not include an ad damnum or other demand for a specific amount of damages.

7.

On August 20, 2021, less than 30 days ago, Plaintiff served answers to interrogatories and responses to Defendants' Requests for Production of Documents in which he now claims medical bills of just less than $27,000 which continue to accrue. He also now claims he can no longer drive a tractor trailer as a result of the injuries he sustained in the collision, a condition which, if true, would lead to a claim for significant lost wages. As provided for in 28 U.S.C. § 1446(b)(3), this action is now removable since it appears from the pleadings that Plaintiff now seeks an amount in excess of $75,000, excluding interest and costs.

8.

The Action is removable by reason of diversity of citizenship, there being more than $75,000 in controversy, exclusive of interest and costs as required by 28 U.S.C. § 1332, and because the plaintiff, a citizen of the State of Florida, is a citizen of a different state from all defendants who are citizens of Illinois.

9.

Petitioners constitute all Defendants for purposes of 28 U.S.C. § 1446(B)(2)(a).

*Wherefore,* Defendants' Petition for Removal should be granted, and the Action removed to this Court.

                    __/s/ William Allred___
                    William Allred, #000320
                    Elizabeth G. Howard, #100118
                    Attorneys for Defendants

**BARRICKMAN, ALLRED & YOUNG, LLC**
5775 Glenridge Dr NE Ste E100
Atlanta, GA  30328
404-790-0123 – Allred
404-538-1225 – Howard
wsa@bayatl.com
egh@bayatl.com

# CERTIFICATE OF SERVICE

This is to certify that I have served the foregoing *Petition for Removal* on counsel for the parties of record by submitting a true and correct copy of same via electronic file and serve through *PeachCourt* to the following:

Patrick C. Powell, Esq.
Morgan & Morgan
777 Gloucester St Ste 400
Brunswick, GA  31520
ppowell@forthepeople.com
*Attorneys for Plaintiff*

This 2nd day of September, 2021.

                                                   __/s/ William Allred___
                                                 William Allred