⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CAMDEN COUNTY, GEORGIA

**SUCV2021000298**

MAR 25, 2021 04:25 PM

Joy Turner, Clerk
Camden County, Georgia

## IN THE SUPERIOR COURT OF CAMDEN COUNTY
## STATE OF GEORGIA

DAMIAN DAIGLE,                              )
                                           )
        Plaintiff,                     )
                                           )
vs.                                        )     CIVIL ACTION
                                           )     FILE NO:
MAKHACH S. OMAROV                          )
and OROZCO TRUCKING, INC.                  )
                                           )
        Defendants.                    )     JURY TRIAL DEMANDED
                                           )
                                           )

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW Plaintiff Damian Daigle, and states his complaint against Defendants, as follows:

## PARTIES AND JURISDICTION

1.

Plaintiff, Damian Daigle, (hereinafter "Plaintiff") is a resident of Mayo, Florida.

2.

Defendant Makhach S. Omarov. (hereinafter "Defendant") is a citizen and resident of the State of Illinois, whose last known residence is 4357 N. Drake Ave., Apt 3, Chicago, Illinois 60618. Defendant may also be served with process under any method called for by the Georgia Long-Arm Statute.

3.

Defendant Orozco Trucking, Inc. is an Illinois profit corporation and is subject to the jurisdiction of this Court, and can be served with process through its registered agent Kostiantyn Shaposhnykov, 1830 Howard Street, Suite 103C, Elk Grove Village, Illinois 60007. Defendant may also be served with process under any method called for by the Georgia Long-Arm Statute.

Exhibit A

4.

Defendants Makhach S. Omarov and Orozco Trucking, Inc. are joint tortfeasors and as such, venue as to both Defendants is proper in Camden County, Georgia.

## COUNT I – NEGLIGENCE OF DEFENDANT MAKHACH S. OMAROV

5.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 4 above as if they were fully restated verbatim.

6.

On October 19, 2020, Plaintiff Damian Daigle was in his 2016 Volvo tractor trailer in a prudent and careful manner parked at a gas pump at the Pilot gas station on St. Mary's Road in Camden County, Georgia.

7.

At or about that same time, Defendant Makhach S. Omarov was driving a 2018 Volvo tractor trailer owned by Orozco Trucking, Inc. pulled away from a gas pump when he negligently, recklessly, carelessly and unlawfully operated said vehicle so as to cause it to collide with the driver's side of Plaintiff's vehicle.

8.

The Defendant Makhach S. Omarov has a duty to act reasonably and use due care while driving on the roadway. Defendant Makhach S. Omarov had a duty to pay attention to traffic, to maintain proper lookout, to obey the laws and rules of the State of Georgia.

9.

As a direct and proximate result of Defendant Makhach S. Omarov, Plaintiff has suffered physical injuries and mental anguish.

10.

At all relevant times, Defendant Makhach S. Omarov owed certain civil duties to Plaintiff. Notwithstanding those duties, Defendant did violate them in the following particulars:

a.   In failing to make reasonable and proper observations while driving the 2018 Volvo; or, if reasonable and proper observations were made, failing to act thereon;

b.   In failing to maintain lane in violation of O.C.G.A. § 40-6-48;

c.   In failing to observe or undertake the necessary precautions to keep the 2018 Volvo from colliding with the 2016 Volvo in violation of O.C.G.A. § 40-6-390;

d.   In driving the 2018 Volvo without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity in violation of O.C.G.A. § 40-6-241;

e.   In driving the 2018 Volvo in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390; and

f.   In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

11.

Defendant Makhach S. Omarov's violations of the aforementioned duties of care constitute negligence *per se.*

12.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant Makhach S. Omarov, Plaintiff has suffered significant injuries, medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and

physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and nervous system, plus an inability to lead a normal life. As a result of the subject collision, Plaintiff has incurred in excess of **$1,585.00** in past medical expenses.

| | |
|---|---|
| MRI | $  1,400.00 |
| Advance Diagnostics | $     185.00 |
| TOTAL | $  1,585.00 |

## COUNT II – NEGLIGENCE OF DEFENDANT OROZCO TRUCKING, INC.

13.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 12 above as if they were fully restated verbatim.

14.

At all relevant times, Defendant Makhach S. Omarov was an employee and agent of Defendant Orozco Trucking, Inc. and Defendant Makhach S. Omarov was driving the 2018 Freightliner tractor trailer within the course and scope of his employment with Defendant Orozco Trucking, Inc.

15.

Defendant Orozco Trucking, Inc. owned or had an interest in the vehicle negligently driven by Defendant Makhach S. Omarov.

16.

Defendant Makhach S. Omarov was acting in the scope of his employment with  Orozco Trucking, Inc.

17.

Defendant Orozco Trucking, Inc. is liable for the acts and omissions of Defendant

Makhach S. Omarov as Defendant's agent and employee at the time of the collision-in-suit, under the theory of *respondeat superior*.

18.

Defendant Orozco Trucking, Inc. negligently hired, retained, and supervised Defendant Makhach S. Omarov.

19.

Defendant Orozco Trucking, Inc. negligently entrusted the 2018 Volvo to Defendant Makhach S. Omarov when they knew or should have known that its driver was incompetent or unfit to perform the duties given to the driver by the company.

20.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant Orozco Trucking, Inc., Plaintiff has suffered significant injuries, medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and nervous system, plus an inability to lead a normal life. As a result of the subject collision, Plaintiff has incurred in excess of **$1,585.00** in past medical expenses.

| | |
|---|---|
| MRI | $ 1,400.00 |
| Advance Diagnostics | $    185.00 |
| TOTAL | $ 1,585.00 |

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays and demands as follows:

a.     That Process and Summons issue, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;

b.    That service be had upon Defendants as provided by law;

c.    That Plaintiff have and recover general damages from Defendants, as the jury deems is liable to Plaintiff, and in such an amount as the jury deems just and appropriate to fully and completely compensate Plaintiff for all of their injuries and pain and suffering, mental, physical, and emotional, past, present, and future;

d.    That Plaintiff have and recover from Defendants, special damages for past and future medical expenses and loss of income in the past and future in such an amount as shall be proven at trial;

e.    That this matter be tried to a jury;

f.    That all costs be cast against the Defendants; and

g.    For such other and further relief as this Court deems just and appropriate.

This __25th__ day of March, 2021.

_P. Powell_

Patrick C. Powell
Georgia Bar No. 180093
*Attorney for Plaintiff*

MORGAN & MORGAN
777 Gloucester Street
Suite 400
Brunswick, Georgia 31520
Tel: (912) 443-1050
Fax: (912) 443-1110
ppowell@forthepeople.com